UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HENRY TUCKER, ON BEHALF HIMSELF AND
ALL OTHER PERSONS SIMILARLY
SITUATED,

              Plaintiffs,

              v.

SAKS FIFTH AVENUE LLC,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:  ECF CASE

:  No.: 1:19-cv-10289 (LTS)(RWL)

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF
RETAIL LITIGATION CENTER, INC., RESTAURANT LAW CENTER, NATIONAL
RETAIL FEDERATION, RETAIL GIFT CARD ASSOCIATION, AND NATIONAL
ASSOCIATION OF THEATER OWNERS FOR LEAVE TO APPEAR AND FILE BRIEF
AS *AMICI CURIAE***

---

GOTTLIEB & ASSOCIATES

Jeffrey M. Gottlieb (JG-7905)
Dana L. Gottlieb (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Jeffrey@gottlieb.legal
Tel: 212.228.9795
Fax: 212.982.6284
*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**     **1**

**ARGUMENT**     **4**

The Proposed Amici Are Not Neutral Friends of the Court     6

The Proposed Amici Brief Improperly Repeats Arguments Already Advanced by Defendants' Motion to Dismiss     7

The Proposed Amici Brief Ignores Facts Alleged In the Complaint And Serves No Useful Purpose On A Motion To Dismiss That Complaint     9

**CONCLUSION**     **10**

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

*American Council of the Blind v. Paulson,*

   *Sect. of the Treasury*, 523 F. 3d 1256 (USCA DC Cir., 2008)      3

*D'Lil v. Best Western Encina Lodge & Suites,*

   538 F.3d 1031 (9th Cir. 2008)      8

*Jamaica Hosp. Med. Cntr., Inc. v. United Health Grp., Inc.*,

   584 F. Supp. 2d 489 (S.D.N.Y. 2008)      5

*Kittok v. Leslie's Poolmart, Inc.,*

   687 F.Supp.2d 953 (C.D.Cal. 2009)      8

*Kreisler v. Second Avenue Diner,*

   731 F. 3d 184 (2nd Cir. 2013)      8

*Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*,

   No. 12 CIV. 7935 ALC, 2014 WL 265784 (S.D.N.Y. Jan. 23, 2014)      4

*Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*,

   149 F.R.D. 65 (D.N.J. 1993)      4, 7

*Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of City of New York*,

   No. 94 CIV. 0436 (RPP), 1995 WL 358777 (S.D.N.Y. June 14, 1995)      5

*Molski v. Evergreen Dynasty Corp.*,

   500 F.3d 1047 (9th Cir. 2007)      8

*Outley v. City of New York*,

   837 F.2d 587 (2d Cir. 1988)      8

*Ryan v. Commodity Futures Trading Comm'n,*

    125 F.3d 1062 (7th Cir. 1997)       5

*SEC v. Bear, Stearns & Co. Inc.,*

    No. 03 Civ. 2937 WHP, 2003 WL 22000340 (S.D.N.Y. Aug. 25, 2003)     4

*Strasser v. Doorley,*

    432 F.2d 567 (1st Cir. 1970)     9

*United States v. Ahmed,*

    788 F. Supp. 196 (S.D.N.Y. 1992)     4

*United States v. El-Gabrowny,*

    844 F. Supp. 955 (S.D.N.Y. 1994)     4, 7

*United States v. Yaroshenko,*

    86 F. Supp. 3d 289 (S.D.N.Y. 2015)     4

*Verizon New York Inc. v. Vill. of Westhampton Beach,*

    No. CV 11-252 (AKT), 2014 WL 12843519 (E.D.N.Y. Mar. 31, 2014)     4

*Village of Elm Grove v. Py,*

    724 F. Supp. 612 (E.D. Wis. 1989)     7

*Wilson v. Pier 1 Imports (US), Inc.,*

    411 F.Supp.2d 1196 (E.D.Cal. 2006)     8

**STATUTES**

12 C.F.R. 1005.20 (c)(4)     2

15 U.S.C § 1693l–1     2

NY GBL § 396-i     2

Title III of the ADA                                                    2, 7, 8

**<u>DIGITAL AUTHORITIES</u>**

https://restaurant.org/advocacy/legal/Law-Center/About                 6

https://thergca.org                                                     6

https://www.rila.org/retail-litigation-center                          6

Plaintiff HENRY TUCKER ("PLAINTIFF"), by and through the undersigned attorneys, respectfully submits this memorandum of law in opposition to the motion of RETAIL LITIGATION CENTER, INC. ("RLCI"), RESTAURANT LAW CENTER ("RLC"), NATIONAL RETAIL FEDERATION ("NRF"), RETAIL GIFT CARD ASSOCIATION ("RGCA"), AND NATIONAL ASSOCIATION OF THEATER OWNERS ("NATO" and collectively referred to as "ASSOCIATIONS") for leave to file a Brief of *Amici Curiae* [ECF Dkt. 22].

## PRELIMINARY STATEMENT

The Associations are not disinterested "friends of the court[1]," but instead trade associations that advocate for their membership – very prominently including Defendants in this action. The Defendant in this Action is a dues-paying Member of the Association, which funds the Association, and indirectly this *Amici Curiae*. The Associations' Counsel confirmed by telephone on February 11, 2020 that "Defendants are coordinating with them [the Association], but not a high degree." And that the Association intends to file this very same *Amici Curiae* with select Judges. The Associations' Counsel acknowledged that this *Amici Curiae* may be of "some value to some judges and no value to others" and offers no expertise or unique perspective. The Associations' partisan amicus brief mainly repeats the same legal and policy arguments already advanced by those Defendant-members (represented by qualified counsel), adding mere opinion and conjecture only. In fact, The Association even cites to the very same cases and appears to have copy pasted arguments from Defendants motion to dismiss

---

[1]Plaintiff's counsel has informed Amici counsel, we did not consent to Amici counsel's request seeking leave to file the briefs *amicus curiae.*

1

– offering no unique perspective at all.

Apart from the Association being biased and arguments being duplicative, the Associations' proposed amicus brief studiously avoids that gift cards are an alternative method of payment created and offered by the Defendant to the general public – but rather acknowledges State and Federal Gift Card Laws require written disclosures on the gift card. The Associations intentionally fails to acknowledge that Defendant offers no auxiliary aids whatsoever, merely stating whatever auxiliary aid to be used is within their discretion. Moreover, the Associations seek to misguide and intimidate this Court by alleging Your Honor's decision to have Defendants comply with the ADA by implement auxiliary aids (even if some alternative besides braille)  for effective communication could harm their industry by decreasing the billions of dollars profit, to a lower billions of dollar profit. However, the Association then states the gift cards actually operate at a loss, but offset by the increased brand loyalty (Brief pg. 4, Ln 6-10). The Association is, like Defendant, throwing mud at the wall, to see what sticks.

The Associations' Counsel fails to add any value, or unique perspective, to the Defendant's argument, beyond mere opinion and perfunctory conclusion that gift cards are not an auxiliary aid or service within the meaning of Title III of the ADA because Association's Counsel consistently mischaracterizes gift cards as a good or consumer product. Further, Association's Counsel confuses the application of the labeling laws promulgated by the Federal[2] and New York State[3] gift card laws ("Gift Card Laws") with the requirements of Title III of the ADA. The amicus brief mischaracterizes gift cards as goods for its partisan benefit,

_____

[2] 15 U.S.C § 1693l–1 and 12 C.F.R. 1005.20 (c)(4)
[3] NY GBL § 396-i

and in an attempt to justify its members' ongoing discrimination. The Act was created to protect a vulnerable class of consumers from discrimination of this nature, condoned by the Associations in the name of profit.

The Associations' Counsel opines that modifying the discriminatory gift card would be "completely unworkable," "cause Amici's members to incur expense," and would be burdensome.  However, Plaintiff contends that the ADA and Gift Card Laws require written communications on the cards, with which Defendant has intentionally failed to comply; and the gift card, which are designed, created and managed solely by Defendant, is the only method of payment without an auxiliary aid (cash is subject to the ADA[4], and banks offer credit cards with full braille auxiliary aids) (despite The Association stating its impossible). Defendant admits that it does not provide any sort of auxiliary aid for its gift card communications, and the Association has added nothing to the arguments.

The amicus curiae briefs put the Plaintiffs at a clear disadvantage. It is quite clear that the amicus briefs have been coordinated to expand on the number of pages permitted for a Memorandum of Law in support of Defendant's Motion to Dismiss pursuant to Your Honor's Individual Rules.  This division of labor effectively expands the pages in support of the Defendant's Motion to Dismiss from 25, the limit for such a motion, to 40 pages. This is not the purpose of *amicus curiae* briefs that offer no unique perspective, argument, expertise and are admittedly biased.

For all these reasons, the Associations' motion should be denied.

---

[4] *American Council of the Blind v. Paulson, Sect. of the Treasury*, 463 Supp. 2d 51 (USDC DC, 2006) *aff'd*, 523 F. 3d 1256 (USCA DC Cir., 2008) In *Paulson,* the Court required the U.S. Treasury to "design, produce and issue paper currency readily distinguishable to blind and vision-impaired individuals."

3

## ARGUMENT

### THE MOTION FOR LEAVE TO FILE AN *AMICI* BRIEF SHOULD BE DENIED

There is no right to file an *amici* brief, and district courts have "broad discretion to permit or deny the appearance of *amici curiae* in a given case." *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (quoting *United States v. Ahmed*, 788 F. Supp. 196, 198 (S.D.N.Y. 1992)). Although there is no specific rule or statute on the standards for deciding *amicus* brief motions, the "customary role of an *amicus* is 'to aid the court and offer insights *not available from the parties*.'" *SEC v. Bear, Stearns & Co. Inc.*, No. 03 Civ. 2937 WHP, 2003 WL 22000340, at *6 (S.D.N.Y. Aug. 25, 2003) (emphasis added) (quoting *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994)). The Associations' motion for leave should be denied and their proposed *amici* brief rejected because the information offered is untimely, not useful, and prejudicial.  *See Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc*., No. 12 CIV 7935 ALC, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014)(proposed *amicus* brief must be "timely and useful") (citations omitted); *Verizon New York Inc. v. Vill. of Westhampton Beach*, No. CV 11-252 (AKT), 2014 WL 12843519, at *1 (E.D.N.Y. Mar. 31, 2014) (considering prejudice to named parties opposing the submission of the *amicus* brief).

An amicus curiae is to be a "friend of the court," not a friend of a party. *Leigh*, 535 F.Supp. at 420. "When the party seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear amicus curiae should be denied." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993). As a result of their bias in favor of the Defendant and the Amici are not proper *amici curiae*.

4

Substantively, the proposed *amici* brief is not useful to the Court and is highly prejudicial to the Plaintiff, both in terms of its needless repetition of Defendants' arguments and its reliance on matters that are extraneous at the motion to dismiss phase. The Association does not have a unique point of view, or special insight, that is not being advanced by Defendants themselves.  *See, e.g.*, *Lehman XS Tr.*, 2014 WL 265784, at *2 (*amicus* brief "would not serve the limited purposes for which an *amicus curiae* might be useful" where "[Defendants] are represented by competent counsel that has given as good as it gets"); *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of City of New York*, No. 94 CIV. 0436 (RPP), 1995 WL 358777, at *2 (S.D.N.Y. June 14, 1995) (proposed *amici* brief will not be allowed to buttress arguments already made by "adequately and competently represented" parties); *Ahmed*, 788 F. Supp. at 198 n.1 (same). As this Court, quoting an oft-used Seventh Circuit test, has explained:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . .  or when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an  *amicus* brief should be denied.

*Jamaica Hosp. Med. Cntr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (S.D.N.Y. 2008) (emphasis added) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)((Posner, J.)); *see also Lehman XS Tr.*, 2014 WL 265784, at *2 (Justice Posner's Seventh Circuit test in *Ryan* is "a useful litmus test for when an amicus brief is useful").

I. __The Proposed *Amici* Are Not Neutral Friends of the Court__

The statements of the Associations, as contained in their moving papers, and their own respective mission statements, show that each Association neither qualifies "as an objective, neutral, dispassionate 'friend of the court.'" *Bear, Stearns & Co. Inc.*, 2003 WL 22000340, at *6 (quoting ). The Associations are all geared towards advocating the retail industry position, with no particular expertise or unique perspective. For example, the RLCI website states "The Retail Litigation Center is the only organization dedicated to advocating for the industry's top priorities in the federal and state judiciary."[5]; RLC website states "Our goal is to protect and advance the restaurant industry, including fighting overregulation at the federal, state and local level.[6]"; NRF is one of the largest retail advocacy groups for their industry; RGCA website states they are a "trade association representing the closed-loop gift card industry….committed to promoting and protecting the use of retail gift cards… and whose primary revenue is not derived from gift cards."[7]; and the NATO website states that "NATO is ever watchful for opportunities to advance and protect the motion picture exhibition industry."

The Associations' motion to appear as *amici* does not acknowledge that their members – of course, especially Defendants – have a financial stake in this matter. A visit to the Associations' websites confirms this fact. The Associations each charge fees to its members upwards of $50,000 annually each. Indeed, Defendants are not only members of the Associations, but are also among it largest, most influential members, in which their representatives actively participate in the Association.

---

[5] https://www.rila.org/retail-litigation-center
[6] https://restaurant.org/advocacy/legal/Law-Center/About
[7] https://thergca.org

Under similar circumstances, courts routinely deny motions of trade associations for leave to file *amicus* briefs. *See Long Island Soundkeeper*, 1995 WL 358777, at *1 (Sporting Arms and Ammunition Manufacturer's Institute); *Ahmed*, 788 F. Supp. at 198 n.l (National Association of Criminal Defense Lawyers); *see also Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 82-83 (D.N.J. 1993) (New Jersey Automobile Dealers Association); *Village of Elm Grove v. Py*, 724 F. Supp. 612, 613 (E.D. Wis. 1989)(Satellite Broadcasting and Communications Association of America).

## II.   The Proposed *Amici* Brief Improperly Repeats Arguments Already Advanced by Defendants' Motion to Dismiss

As is well established, a proposed *amicus* brief may not repeat or copy arguments made by the parties. *See, e.g.*, *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (rejecting *amicus* brief that "contain[ed] authority already known to the court and review[ed] familiar lines of argument"); *Lehman XS Tr.*, 2014 WL 265784, at *2 (proposed *amicus* brief "does not offer insights not available from the parties"); *see also Bear, Stearns & Co. Inc.*, 2003 WL 22000340, at *6 (refusing *amici* status where the court is already "aware of movants' views" on the relevant issue).

The Association does not offer "unique information or perspective" on the question of Title III of the ADA, Gift Card Laws, and the application to the gift card industry beyond what the parties can provide. In fact, the proposed *amici* brief does little more than repeat (if not copy-pasted) arguments already advanced by Defendants in support of their motion to dismiss.

At its core, Defendants' motion argues that Title III of the ADA does not apply to gift cards, and that the gift cards are goods that do not require an auxiliary aid, and if the ADA applies, then such auxiliary is within their discretion. That is precisely the same argument

7

advanced in the proposed *amici* brief. *See, e.g.*, Associations' Proposed *Amici Curiae* Br. at 1, ("ECF Dkt. 22").

The Association and Defendant even use the same tactic (again a copy pasted argument from Defendants motion) of seeking to gain a negative inference of Plaintiff due to the number of ADA lawsuits. However, the Second Circuit Court of Appeals has held that a plaintiff's history of litigation is generally not admissible as evidence in a lawsuit.[8]  The number of ADA cases brought by a particular plaintiff does not create a credibility issue of the Plaintiff anymore than it shows a hesitation of businesses to comply with the law.[9]

Both Defendant and the proposed *amici* devote substantial portions of their respective briefs purporting to find different analogies between gift cards and goods, and that they are not places of public accommodation, and Title III of the ADA does not apply. The Associations engage almost verbatim in the same hyperbole as Defendants current pending motion to dismiss.

In sum, the proposed *amici* brief was filed "by allies of litigants and duplicate[s] the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief," and as such the proposed brief is "an abuse" that "should not be allowed." *Ryan*, 125 F.3d at 1063 (7th Cir. 1997).

---

[8] *See Kreisler v. Second Avenue Diner, supra*, 731 F.3d at 188; *Outley v. City of New York*, 837 F.2d 587, 595 (2d Cir. 1988); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007)(citing Samuel R. Bagnestos, The Perversity of Limited Civil Rights Remedies: The Case of "Abusive" ADA Litigation, 54 U.C.L.A. L.Rev. 1, 5 (2006)); *D'Lil v. Best Western Encina Lodge & Suites, supra,* 538 F.3d at 1039.
[9] *See e.g. Kittok v. Leslie's Poolmart, Inc.,* 687 F.Supp.2d 953, 959 (C.D.Cal. 2009) and *Wilson v. Pier 1 Imports (US), Inc.,* 411 F.Supp.2d 1196, 1199 (E.D.Cal. 2006)

**III.** **The Proposed *Amici* Brief Ignores Facts Alleged In the Complaint And Serves No Useful Purpose On A Motion To Dismiss That Complaint**

Although the proposed *amici* brief closely tracks arguments made by Defendants, the brief differs in one important respect: it makes no effort to deal with the factual allegations of the Complaint. The Associations' generalized commentary, divorced from the specifics of the case, renders the proposed *amici* brief irrelevant. *See Long Island Soundkeeper Fund*, 1995 WL 358777, at *1 ("general information" about an industry and "studies of other" actors therein are not relevant and "will not assist in determining the issues in this particular case"); *see also Yaroshenko*, 86 F. Supp. 3d at 291 (*amicus* brief "comment[ing] on matters . . . that are not truly in issue" serves no useful purpose).

The proposed *amici* brief entirely fails to address the Complaint's detailed allegations. As but one example of this disconnect, the Associations point regarding the sufficiency of auxillary aids, that would create effective communication (such as braille), is an affirmative defense and the subject of proper evidentiary hearings, not injected through self-serving, unproven statements in trade association briefs. "[A]n amicus who argues facts should rarely be welcomed." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

As Plaintiff will show in its opposition to the motion to dismiss, that gift cards are analogous to websites and currency, both of which courts have deemed covered by the ADA; and distinguishable from Defendant's efforts to analogize gift cards to a bookstore selling books, a restaurants' usage of menu, cars, a cereal box, or other analogies raised by Defendant in an attempt to justify its on-going discrimination, against people with disabilities and evasion of ADA compliance.  By the same token, the Associations' proposed *amici* brief – with its

9

generalities and failure to address allegations specific to Plaintiff – should be rejected as unhelpful, duplicative, and partisan.

In order to ensure fair consideration of the Motion to Dismiss, the motion by the Amici should be denied and the proposed briefs rejected. Such motion is knowingly frivolous and causes unwarranted delay, unnecessary expense to the parties, as well as places needless burden on the Court (within the meaning of FRCP R. 11).

Finally, if the Court should nonetheless allow the proposed *amici* brief, Plaintiff would respectfully request leave to file a response showing in greater detail the irrelevance of the Associations' generalities and assumptions.

<u>**CONCLUSION**</u>

For all of the above reasons, Plaintiff respectfully submits that the Associations' motion for leave to file a proposed *amici* brief should be rejected.

Dated: New York, NY
      March 5, 2020

Respectfully submitted,

GOTTLIEB & ASSOCIATES
*s/Jeffrey M. Gottlieb, Esq.*
Jeffrey M. Gottlieb (JG-7905)
Dana L. Gottlieb (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Jeffrey@gottlieb.legal
Tel: 212.228.9795
Fax: 212.982.6284

*Attorneys for Plaintiffs*

10