# CONSTANTINE CANNON LLP

**Owen Glist**
212-350-2776
oglist@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

March 5, 2020

Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  *Tucker v. Saks Fifth Avenue LLC*, 19 Civ. 10289 (LTS)(RWL)

Dear Judge Swain:

     The Retail Litigation Center, Restaurant Law Center, National Retail Federation, Retail Gift Card Association, and National Association of Theater Owners respectfully respond to Plaintiff's opposition (Doc. 23) to their request for leave to file an amici curiae brief (Doc. 22).

     It is entirely unremarkable that trade associations would seek to participate as amici curiae where a lawsuit threatens to up-end a key Americans with Disabilities Act ("ADA") standard and rewrite corresponding Department of Justice ("DOJ") guidance, let alone where hundreds of such suits are filed within a short period targeting those associations' industries.[1] Indeed, a suit that relies heavily on issues of statutory interpretation and whose impact could reach far beyond the litigants is the paradigm for amicus participation, because in such cases the Court is aided by the fullest possible discussion of the law. Here, amici's members have a significant interest in the consistent interpretation of the ADA, and amici's brief provides additional insights on that issue not otherwise available to the Court. For these reasons, amici respectfully request that the Court accept their proposed brief.

**I.    Amici's Brief Is Constrained to the Issues of Broadest Import.**

     Amici's brief is narrowly focused on the two issues with the farthest-reaching ramifications for places of public accommodation: (1) the proper construction of the ADA, including whether places of public accommodation must stock goods specially-designed for people with disabilities or provide a particular auxiliary aid or service demanded by a customer, and (2) the regulatory complications that could accompany a ruling requiring gift cards to contain certain information in Braille. Amici do not seek to weigh in on Defendant's arguments concerning the dismissal of Plaintiff's state law claims, Plaintiff's lack of standing, or any factual issues raised by the pleadings. Thus, Plaintiff's complaint that amici simply repeat the Defendant's arguments wholesale is inaccurate.

---

[1] Several courts in these cases have granted amici leave to file briefs over the same objections. *Matzura v. Red Lobster Hospitality LLC,* 19 Civ. 9929 (MKV)(DCF); *Thorne v. Boston Market Corporation*, 19 Civ. 9932 (RA) (S.D.N.Y.); *Lopez v. Kahala Restaurants, L.L.C.*, 19 Civ. 10077 (AJN) (S.D.N.Y.); *Mendez v. Outback Steakhouse*, 19 Civ. 9858 (JPO) (S.D.N.Y.); *Camacho v. Dave & Buster's Ent. Inc*., 19 Civ. 6022-GRB-RER (E.D.N.Y.).

CONSTANTINE CANNON LLP

March 5, 2020
Page 2

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

Similarly inaccurate is Plaintiff's assertion that portions of amici's brief were lifted from Defendant's brief. It is unsurprising that, when addressing issues of textual interpretation, both Defendant and amici would begin from some of the same basic premises and rely on some of the same statutory and regulatory language. But amici's brief elucidates the issues through numerous insights not raised by the Defendant, including explaining gift card usage (Doc. 22-1 at 3); describing how gift cards are typically sold and administered (*Id*. at 3-4); identifying the relevant gift card regulatory scheme (*Id*. at 5-6); demonstrating how gift cards are treated as goods by businesses and consumers (*Id.* at 6-7); pointing out the practical impossibility of requiring places of public accommodation to be able to provide every potential auxiliary aid or service a person with a disability might request (*Id*. at 10); explaining why adding Braille is not an effective auxiliary aid or service for gift cards (*Id*. at 10-12); and forecasting the potential regulatory dilemmas that favor leaving any expansion or reinterpretation of the ADA to Congress or DOJ (*Id*. at 13-15). Such insights are helpful and favor permitting amicus participation, even if there is some overlap in amici's and Defendant's arguments. *See C & A Carbone, Inc. v. Cty. of Rockland, NY*, No. 08-CV-6459-ER, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014) (permitting amicus participation by trade associations despite that some of the arguments proffered in the proposed amicus brief were duplicative of those raised by plaintiffs).

Further, while Plaintiff criticizes amici for not inserting themselves into the facts of the case, the purpose of amici's participation is adding to the discussion of the specific legal issues concerning the interpretation of the ADA, not opining on irrelevant factual matters.

## II.   Amici's Status as Trade Associations Does Not Prevent Their Amicus Participation.

Plaintiff implies that a trade association could never be a proper amicus. This is neither the law nor the practice of most courts, including in this district. *See C & A Carbone, Inc.*, 2014 WL 1202699 at *4 ("A potential amicus's partiality is a factor to be considered, but amici need not be completely disinterested in the outcome of the litigation") (citations omitted); *see also Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986) ("There is no rule that amici must be totally disinterested."). In fact, having an interest that will be affected by the case's outcome is one of the recognized bases that normally supports permitting amicus participation. *C & A Carbone, Inc.*, 2014 WL 1202699 at *3-4.[2] Indeed, at the appellate level, demonstrating an interest in the case is a prerequisite for potential amici. Fed. R. App. 29(a)(3)(A); *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002). Leave to participate as an amicus has actually been denied where proposed amici lacked this interest and simply sought to encourage the court to interpret the law in a particular way. *Neonatology Assocs.*, 293 F.3d at 131 (citation omitted).

Amici's status as trade associations actually favors allowing their participation, because their involvement with thousands of businesses who potentially stand to be affected by any new

---

[2] "Even when a party is very well represented, an amicus may provide important assistance to the court," such as "collect[ing] background or factual references that merit judicial notice" or "explain[ing] the impact a potential holding might have on an industry or other group." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (citation omitted).

CONSTANTINE CANNON LLP

March 5, 2020
Page 3

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

interpretation of the ADA gives them a unique insight into and perspective on the issues at stake. *C & A Carbone, Inc.*, 2014 WL 1202699 at *3-4 (explaining that amicus participation is normally allowed where amicus has a unique perspective). Including trade associations' perspectives on the interpretation of laws affecting their markets "ensure[s] that there has been a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Id.* at *4. And, when "it is fairly evident that the ultimate outcome of . . . litigation could prove dispositive in future disputes [involving similar laws], . . . [a] full airing of the issues at stake is . . . particularly desirable . . . even taking into account the Amici 's partiality." *Id.*

Not surprisingly, "[a] quick look at Supreme Court opinions discloses that corporations, unions, trade and professional associations, and other parties with 'pecuniary' interests appear regularly as amici." *Neonatology Assocs.*, 293 F.3d at 132. The same is true of courts in this district. *See, e.g.*, *Russell v. Bd. of Plumbing Examiners of Cty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *Ass'n for Molecular Pathology v. U.S. Patent & Trademark Office*, 702 F. Supp. 2d 181, 190-1 (S.D.N.Y. 2010) (subsequent history omitted); *Skandia Am. Reinsurance Corp. v. Schenck*, 441 F. Supp. 715, 718 (S.D.N.Y. 1977); *In re Lehman Bros Holdings Inc.*, No. 08-13555 SCC, 2015 WL 7194609, at *1 n. 1, *4 (S.D.N.Y. Sept. 16, 2015); *C & A Carbone, Inc.*, 2014 WL 1202699 at *4.

### III. Articulating a Position on the Law Is Not Inconsistent with Amicus Participation.

Amici do not color outside the lines of traditional amicus participation by articulating their understanding of the ADA's proper interpretation. *See Funbus Sys., Inc.*, 801 F.2d at 1125 (explaining that to "take a legal position and present legal arguments in support of it . . . [is] a perfectly permissible role for an amicus"). Any implication that an amicus's advocacy diminishes its role as "friend of the court" is also misplaced. *Neonatology Assocs.*, 293 F.3d at 131 ("[A]n amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend"). Thus, it is now broadly accepted that an amicus need not be a dispassionate, entirely neutral third-party. *See, e.g.*, *Pratt v. Indian River Cent. Sch. Dist.*, No. 709CV0411GTSGHL, 2010 WL 11681606, at *4 (N.D.N.Y. Dec. 6, 2010) ("[T]he fact that the United States' amicus brief is 'argumentative,' and acts like a surreply, does not prohibit the Court from considering the brief.") (citing *N. Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 52 (D.D.C. 2005) ("It is well documented that the role of amici has, over time, appeared more similar to that of an advocate than of purely disinterested advisers to the court.... As such, were the bias or credibility of amici presumptively relevant in every case, litigation and discovery of the issue would threaten the efficacy of the federal courts."); *Neonatology Assocs., P.A.*, 293 F.3d at 131 (noting view of amici as impartial adviser "became outdated long ago")).

### CONCLUSION

Amici seek leave to file their brief to aid the Court in deciding an issue of statutory interpretation that has the potential to impact a wide range of businesses beyond the litigants in this case. The value of amicus participation in these circumstances has been routinely recognized, and nothing in amici's proposed participation here is outside of the norm.

CONSTANTINE CANNON LLP

March 5, 2020
Page 4

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

Respectfully submitted,

*/s/ A. Owen Glist*
A. Owen Glist